UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                             )

IN RE:                                        )        CASE NO.        05-37285 (LMW)
                                                         )
  DANIEL NEIL DRISCOLL and      )        CHAPTER        13
  LISA DRISCOLL,                        )
                                                         )        DOC. I.D. NOS.     31, 56
                DEBTORS.          )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

| | |
|---|---|
| Robert A. Cushman, Esq.<br>Law Offices of Robert A. Cushman, LLC<br>705 North Mountain Road<br>Newington, CT 06111 | Attorney for the Debtor |
| Ann M. Nevins, Esq.<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>915 Lafayette Boulevard, Room 309<br>Bridgeport, CT 06604 | Attorney for the Internal Revenue Service |

**MEMORANDUM OF DECISION AND ORDER RESPECTING
QUESTION OF WHETHER DISCHARGEABILITY OF INTERNAL
REVENUE SERVICE'S PROOF OF CLAIM SHOULD BE
BROUGHT BY ADVERSARY PROCEEDING OR CONTESTED MATTER**

Lorraine Murphy Weil, United States Bankruptcy Judge

      Before the court are (a) the above-referenced debtors' (the "Debtors") objection (Doc. I.D. No. 31, the "Objection")[1] to Claim No. 3 filed by the Internal Revenue Service (the "IRS") (as amended by Claim No. 8, the "IRS Claim") and (b) the IRS's response (Doc. I.D. No. 56, the "Response") to the Objection. In the Response, the IRS argues that, because the Objection asserts

---

[1] References herein to the docket of this chapter 13 case appear in the following form: "Doc. I.D. No. ____."

that a portion of the IRS Claim was discharged in a prior bankruptcy, the Objection must be brought as (or become) an adversary proceeding. For the reasons discussed below, the court concludes that the Objection is a contested matter.

I.   **BACKGROUND**

On March 5, 2004, the Debtors filed chapter 13 case number 04-31013(ASD) (the "2004 Case"). The 2004 Case was converted to a case under chapter 7 of the Bankruptcy Code and the Debtors received a chapter 7 discharge (the "Discharge") on October 6, 2005. The Debtors commenced this chapter 13 case on October 15, 2005 and the IRS filed the IRS Claim therein.[2] The Debtors filed the Objection which asserts, in relevant part, that a portion of the IRS Claim has been discharged pursuant to the Discharge. The IRS filed the Response alleging, in pertinent part, that because the Objection raises the issue of the effect of the Discharge on the IRS Claim, the Objection has to be brought as (or became) an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[3]

II.  **ANALYSIS**

Rule 7001 requires that "a proceeding to determine the dischargeability of a debt" must be brought by adversary proceeding. Fed. R. Bankr. P. 7001(6). The IRS argues that, since the Debtor can prevail in relevant part on the Objection only if the court determines that the IRS Claim was

---

[2]   The Court entered an order in this case confirming the Debtors' Second Amended Chapter 13 Plan (Doc. I.D. No. 43) on May 4, 2006. The confirmed plan provides for payment of the IRS Claim, although the Debtors reserve the right to modify the plan based on the outcome of the Objection.

[3]   References herein to the Bankruptcy Rules are to the Bankruptcy Rules as they existed prior to their amendment in connection with the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. References herein to the Federal Rules of Civil Procedure appear in the following form: "Civil Rule ____."

discharged in the 2004 Case, Bankruptcy Rule 7001(6) applies and the Debtor can obtain that determination only in an adversary proceeding. The court does not agree.

The Objection is a claim objection governed specifically by Bankruptcy Rule 3007. Under Bankruptcy Rule 3007, the general rule is that claims objections are contested matters which are governed by Bankruptcy Rule 9014, not Bankruptcy Rule 7001. Fed. R. Bankr. P. 3007 advisory committee's note ("The contested matter initiated by an objection to a claim is governed by rule 9014 . . . ."). The only exception to that general rule applies when "an objection to a claim is joined with a *demand for relief* of the kind specified in Rule 7001," Fed. R. Bankr. P. 3007 (emphasis added), and only then does the claim objection "become[] an adversary proceeding," *id.* The flaw in the IRS's argument is that Civil Rule 8 distinguishes between "[c]laims for [r]elief," Fed. R. Civ. P. 8(a), and "[a]ffirmative [d]efenses," Fed. R. Civ. P. 8(c).[4] Civil Rule 8(c) expressly classifies "discharge in bankruptcy" as an "affirmative defense." *Id.* The generality of Bankruptcy Rule 7001(6) is governed by the specificity of Bankruptcy Rule 3007 (as construed by reference to Civil Rule 8). Accordingly, pursuant to Bankruptcy Rule 3007 a claim objection remains a contested matter when a prior discharge in bankruptcy is asserted defensively in the claim objection (as it is here).[5]

---

[4]    Civil Rule 8 does not directly apply to contested matters. Fed. R. Bankr. P. 9014. However, the Supreme Court can be presumed to have been aware of Civil Rule 8 when the Court promulgated Bankruptcy Rule 3007. Accordingly, the court deems it appropriate to refer to Civil Rule 8 when construing Bankruptcy Rule 3007.

[5]    The case would be different if the Debtors also were seeking a supplementary injunction to enforce the Discharge.

### III.  CONCLUSION

For the reasons discussed above, it is determined that the Objection remains a contested matter subject to Bankruptcy Rule 9014.  A status conference shall be scheduled to consider subsequent procedural steps in this contested matter.  It is **SO ORDERED.**

Dated: November 22, 2006                                    BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge