UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
)
IN RE:                                )    CASE NO.          05-37285 (LMW)
)
  DANIEL NEIL DRISCOLL and             )    CHAPTER          13
  LISA DRISCOLL,                      )
)    DOC. I.D. NOS.    31, 56
        DEBTORS.                      )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

Robert A. Cushman, Esq.                       Attorney for the Debtor
Law Offices of Robert A. Cushman, LLC
705 North Mountain Road
Newington, CT 06111

Ann M. Nevins, Esq.                           Attorney for the Internal Revenue
Assistant United States Attorney               Service
U.S. Attorney's Office
915 Lafayette Boulevard, Room 309
Bridgeport, CT 06604

## MEMORANDUM OF PARTIAL DECISION AND ORDER
## RE:  OBJECTION TO IRS PROOF OF CLAIM

Lorraine Murphy Weil, United States Bankruptcy Judge

Before the court are (a) the above-referenced debtors' objection (Doc. I.D. No. 31, the

"Objection")[1] to Claim No. 3 filed by the Internal Revenue Service (the "IRS" or the "Service") (as

amended by Claim No. 8, the "IRS Claim")[2] and (b) the IRS's response (Doc. I.D. No. 56, the

"Response") to the Objection.  This court has jurisdiction over this matter as a core proceeding

---

[1]      References herein to the docket of this chapter 13 case appear in the following form:
"Doc. I.D. No. _____."

[2]      Claim No. 3 appears to have amended Claim No. 2.

pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and that certain Order dated September 21, 1984 of this

District (Daly, C.J.).[3]

## I.    BACKGROUND

On March 5, 2004, the Debtor[4] filed chapter 13 case number 04-31013(ASD) (the "2004

Case").  The 2004 Case was converted to a case under chapter 7 of the Bankruptcy Code and the

Debtor received a chapter 7 discharge (the "Discharge") on October 6, 2005.  The Debtor

commenced this chapter 13 case on October 15, 2005 and the IRS filed the IRS Claim herein.[5]  The

Debtor filed the Objection which asserts, in relevant part, that the debt corresponding to that portion

of the IRS Claim which relates to the 1994 and 1995 tax years (the "Relevant Taxes") has been

discharged pursuant to the Discharge (the "Discharge Issue").[6]  The IRS filed the Response alleging,

---

[3]        That order referred to the "Bankruptcy Judges for this District" *inter alia* "all
proceedings arising under Title 11, U.S.C. , or arising in . . . a case under Title 11, U.S.C. . . . ."

[4]        The IRS concedes that the Relevant Taxes (as defined below) are not the liability of
Lisa Driscoll.  (*See* Doc. I.D. No. 94 at 1 n.1.)  Accordingly, as used herein the term "Debtor" will
refer to Daniel Neil Driscoll only.

[5]        The Court entered an order in this case confirming the Debtor's Second Amended
Chapter 13 Plan (Doc. I.D. No. 43) on May 4, 2006.  The confirmed plan provides for payment of
the IRS Claim, although the Debtor reserves the right to modify the plan based on the outcome of
the Objection.

[6]        The sole issue raised in the Objection adjudicated herein is the Discharge Issue.  By
raising the Discharge as an affirmative defense, the Debtor invokes Bankruptcy Code § 502(b)(1):

(b)    [I]f . . . [an] objection to a claim is made, the court, after notice and a
hearing, shall determine the amount of such claim . . . as of the date of the filing of
the petition, and shall allow such claim . . . in such amount except to the extent that–
(1) such claim is unenforceable against the debtor and property of the debtor,
under . . . applicable law for a reason other than because such claim is
contingent or unmatured . . . .

11 U.S.C.A. § 502(b)(1) (West 2005).

in pertinent part, that the Relevant Taxes were not discharged in the 2004 Case pursuant to 11 U.S.C.

§ 523(a)(1)(B)(i).[7]

The Debtor argues that Section 6020(b) Returns (as defined below) were prepared by the IRS

and that renders Section 523(a)(1)(B)(i) inapplicable here.   The IRS alleges that Section 6020(b)

Returns were not prepared by the Service; but, rather, mere Dummy Returns (as defined below) were

prepared purely for administrative purposes.   Dummy Returns, the IRS further argues, are not

"returns" within the purview of Section 523(a)(1)(B)(i).  In the alternative, the IRS argues that, even

if Section 6020(b) Returns had been prepared, they were not "filed" within the purview of Section

523(a)(1)(B)(i) because they were not filed by the Debtor.  For the reasons which follow, the court

rules on the facts against the IRS on its first argument but rules on the law for the IRS on its second

argument.

## II.   **HEARING RECORD**

A hearing (the "Hearing") was held on the Objection and the Response on June 13, 2007.[8]

At the Hearing, the IRS put the following documents into evidence:

---

[7]     The IRS also argued that the Discharge Issue could be adjudicated only in an
adversary proceeding.  In *In re Driscoll,* 355 B.R. 406 (Bankr. D. Conn. 2006), this court held that
the Discharge Issue was an affirmative defense to the IRS Claim which properly could be raised in
this contested matter.  The 2004 Case predated the Bankruptcy Abuse Prevention and Consumer
Protection Act of 2005 ("BAPCPA").  Accordingly, references herein to Section 523 are references
to the same as it existed prior to its amendment by BAPCPA.

[8]     Originally, the Hearing was intended as a partial hearing strictly to permit Paul
Crowley to testify for the IRS.  (Mr. Crowley has limited availability.)  (*See* Doc. I.D. No. 86 (Order
Permitting Examination of Trial Witness).)  The parties reserved the right to supplement the Hearing
with either further testimony/evidence or by stipulations of fact.  Ultimately, the parties elected to
proceed on the record as it stood at the conclusion of the Hearing.  A transcript of the Hearing
appears in the record of this case as Doc. I.D. No. 91 ("Transcript").

- Exhibit A (the "1995 Tax Transcript") - Certificate of Assessments, Payments, and Other Specified Matters (F4340) for U.S. Individual Income Tax Return (F1040), captioned Daniel Driscoll, Social Security Number . . . [xxx-xx]-7425 (a "Certificate"), for the tax year 1995, consisting of six (6) pages. The foregoing is certified as the "Official Record" of the foregoing by David J. Lazarus, Resident Agent in Charge.

- Exhibit B (the "1994 Tax Transcript")[9] - A Certificate, for the tax year 1994, consisting of six (6) pages. The foregoing is certified as the "Official Record" of the foregoing by David J. Lazarus, Resident Agent in Charge.

- Exhibit C - Copy of "Notice of Deficiency" (the "1994 Deficiency Notice") dated November 24, 1997 for tax year 1994 (with "Income Tax Examination Changes" (also dated November 24, 1997) attached).

- Exhibit D - Copy of "Notice of Deficiency" (collectively with the 1994 Deficiency Notice, the "Deficiency Notices") dated November 24, 1997 for tax year 1995 (with "Income Tax Examination Changes" (also dated November 24, 1997) attached).

Listed on the 1994 Tax Transcript are the following events relevant here with respect to the

1994 tax year:

| | | | |
|---|---|---|---|
| 06-16-1997 | Substitute For Return [the "1994 SFR"] 08210-165-25129-7 [a DLN, as that term is defined hereafter] | 0.00 | 07-07-1997 |
| | . . . | | |
| 04-20-1998 | Renumbered Return [the "1994 Renumbered Return"] 08247-486-00132-8 [a DLN] | | |

Listed on the 1995 Tax Transcript are the following events relevant here with respect to the

1995 tax year:

| | | | |
|---|---|---|---|
| 06-16-1997 | Substitute For Return [the "1995 SFR"] 08210-165-25128-7 [a DLN] | 0.00 | 07-07-1997 |
| | . . . | | |

---

[9]    The 1994 Tax Transcript and the 1995 Tax Transcript are hereafter collectively referred to as the "Tax Transcripts."

04-20-1998                 Renumbered Return [collectively with the
                           1994 Renumbered Return, the "Renumbered
                           Returns"] 08247-486-00131-8 [a DLN]

At the Hearing, Mr. Crowley testified as follows.  Mr. Crowley has been employed by the

IRS since 1998.  For the past two and one-half years he has held the position of "Court Witness

Coordinator" for the IRS Andover Service Center in Andover, Massachusetts.  In that capacity, he

is familiar with the practices that the Service Center uses in tax assessment.  He also is familiar with

such practices as they existed during prior periods (including before his employment).  (Transcript

at 4, 14.)

At the Hearing, Mr. Crowley explained Exhibits A and B in relevant part as follows.  Exhibit B is what lay

people commonly would refer to as the Debtor's "tax transcript" for the 1994 tax year.  (Transcript

at 6.)  Exhibit A is the Debtor's "tax transcript" for the 1995 tax year.  (Transcript at 25.)  When the

IRS prepares a "tax transcript" for a tax year, the information listed thereon is retrieved off the main

file in the IRS' computer system.  (Transcript at 6-7.)

Mr. Crowley further testified as follows.  When a taxpayer fails to file an income tax return

for a relevant period, but the IRS has reason to believe that taxable income was earned for the

period,[10] the IRS starts the process of determining the taxpayer's liability by taking a Form 1040 on

which it puts only the taxpayer's name and social security number (hereinafter "identifying

information").  No other information or "markings" are on those Forms 1040 (hereafter, individually,

a "Dummy Return").  There is "no income information and no tax information on that document."

(Transcript at 13-14.)  The Service uses a Form 1040 in that manner merely to enable it to "take

---

[10]        Typically, the IRS is alerted to taxable income by a third party's report of tax
withholding, earned interest or the like.  (Transcript at 13.)

further action" on the liability.  (Transcript at 13.)  In the instant case, based upon his familiarity with

IRS practice, Mr. Crowley testified that, with respect to each tax year, the Debtor's identifying

information would have been put on a Form 1040 to allow the Service to start the process of

determining the deficiency because, administratively, "in order to commence a chain of entries

[leading to an assessment] . . . there [has] . . . to be a physical document with the document locator

number" (a "DLN") in the Service's computer system.  (Transcript at 13:14-16.)  In other words, the

1994 SFR and the 1995 SFR allegedly each were a Dummy Return.  It is uncontested that the Debtor

did not himself file a tax return for either relevant year.

Mr. Crowley further testified as follows.  Once a DLN is established, the Service can

commence the process of determining the deficiency, which is done on a "proposed adjustments

form [*e.g.,* last two pages of Exhibits C and D]."  (Transcript at 18.)  After the proposed adjustments

form is completed and the deficiency amount is determined, the Service sends a statutory notice of

deficiency, the "90-day letter," and a copy of the proposed adjustments to the taxpayer.[11]  If the

taxpayer elects not to go to Tax Court, the Service assesses the deficiency as determined on the

proposed adjustments form.  (Transcript at 18.)  Again based upon his familiarity with IRS practice,

Mr. Crowley testified that the Renumbered Returns listed on the Tax Transcripts would have been

created to charge the Debtor for interest on the tax assessed when the Debtor did not respond to the

Deficiency Notices.  (Transcript at 11.)

Mr. Crowley further testified that he has never seen either the 1994 SFR or the 1995 SFR.

(Transcript at 32.)  Based upon the respective DLN's, Mr. Crowley concluded that the foregoing

---

[11]        Mr. Crowley testified that the Deficiency Notices were not themselves "tax returns,"
(*see* Transcript at 28), and that point does not appear to be contested by the Debtor.

documents were destroyed by the IRS in ordinary course (Transcript at 8-9), as were the Renumbered

Returns (Transcript at 14).[12]  Mr. Crowley has no personal knowledge of the documents listed in the

Tax Transcripts.  (Transcript at 34.)

## III.   LEGAL STANDARDS

Under Rule 3001(f) of the Bankruptcy Rules "[a] proof of claim executed and filed in

accordance with . . . [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and

amount of the claim [the "Presumption"]."[13]

. . .

> [T]he burden of persuasion under the bankruptcy claims procedure always lies
> with the claimant, who must comply with Fed. R. Bankr. P. 3001 by alleging facts
> in the proof of claim that are sufficient to support the claim.  If the claimant satisfies
> these requirements, the burden of going forward with the evidence then shifts to the
> objecting party to produce evidence at least equal in probative force to that offered
> by the proof of claim and which, if believed, would refute at least one of the
> allegations that is essential to the claim's legal sufficiency.  *See Lundell v. Anchor
> Const. Specialists, Inc. (In re Lundell),* 223 F.3d 1035, 1041 (9th Cir. 2000); *Sherman
> v. Novak (In re Reilly),* 245 B.R. 768, 773 (2d Cir. BAP 2000) . . . .  If the objecting
> party meets these evidentiary requirements, then the burden of going forward with
> the evidence shifts back to the claimant to sustain its ultimate burden of persuasion
> to establish the validity and amount of the claim by a preponderance of the evidence.
> *See In re Consumers Realty & Development Co.,* 238 B.R. 418 (8th Cir. BAP 1999);
> *In re Allegheny International, Inc.,* 954 F.2d 167, 173-74 (3d Cir. 1992).

*In re Jorczak,* 314 B.R. 474, 481 (Bankr. D. Conn. 2004) (*quoting In re Rally Partners, L.P.,* 306

B.R. 165, 168-69 (Bankr. E.D. Tex. 2003)).

---

[12]      Mr. Crowley actually testified as to destruction of the relevant documents listed on
the 1994 Tax Transcript.  However, based on the DLN listed in the 1995 Tax Transcript, his
testimony may be applied to the relevant documents listed in the 1995 Tax Transcript as well.  (*See*
Transcript at 29 (parallel entries on the two tax transcripts).)

[13]      For present purposes only, the court assumes that the IRS Claim is sufficient to raise
the Presumption.

When a debtor raises discharge in bankruptcy as an affirmative defense, the burden of proof

is as follows:

> The plea of a discharge in bankruptcy is an affirmative defense, *i.e.,* a defense which
> the bankrupt has the burden of establishing . . . . When the bankrupt has put the . . .
> discharge in evidence he has established a [p]rima facie defense to any suit against
> him based on a debt existing at the time of the filing of his petition.  The creditor then
> has the burden of proving that he comes within the exceptions enumerated in
> [Bankruptcy Code § 523(a)] . . . .

*Ward v. Meyers,* 578 S.W. 2d 570, 574 (Ark. 1979) (*quoting Collier on Bankruptcy*).  The creditor

normally carries the burden of showing an exception to discharge.  *See Federal Deposit Ins. Corp.*

*v. Gulf Life Ins. Co.,* 737 F.2d 1513, 1519 (11th Cir. 1984) ("[T]he creditor normally carries the

burden of showing such an exception.").  The standard of proof is proof by a preponderance of the

evidence.  *See Grogan v. Garner,* 498 U.S. 279 (1991).

The existence of the Discharge is not disputed by the IRS.  Moreover, the court takes judicial

notice of the Discharge.  Thus, the burden has passed to the IRS to prove the applicability of

Bankruptcy Code § 523(a)(1)(B)(i).

## IV.    RELEVANT STATUTES

Under the prior Bankruptcy Act, Section 17 of the Act provided in relevant part as follows:

a.  A discharge in bankruptcy shall release a bankrupt from all of his provable debts,
whether allowable in full or in part, except such as (1) are taxes which became legally
due and owing by the bankrupt to the United States or to any State or any subdivision
thereof within three years preceding bankruptcy: *Provided, however,* That a discharge
in bankruptcy shall not release a bankrupt from any taxes (a) which were not assessed
in any case in which the bankrupt failed to make a return required by law, (b) which
were assessed within one year proceeding bankruptcy in any case in which the
bankrupt failed to make a return required by law, (c) which were not reported on a
return made by the bankrupt and which were not assessed prior to bankruptcy by
reason of a prohibition on assessment pending the exhaustion of administrative or
judicial remedies available to the bankrupt, (d) with respect to which the bankrupt

made a false or fraudulent return, or willfully attempted in any manner to evade or
defeat . . . .

11 U.S.C. § 35 (1977) (repealed 1978).

Congress repealed Section 17 in 1978 when Congress enacted the Bankruptcy Reform Act.

The resulting new Bankruptcy Code contained Section 523 which performed a function analogous

to old Section 17.  Section 523(a) provides in relevant part:

> A discharge under section 727 . . . of this title does not discharge an individual
> debtor from any debt –
>
> (1)  for a tax or customs duty –
>
> . . .
>
> > (B)  with respect to which a return, if required –
> >
> > > (i)  was not filed; or
> > > (ii)  was filed after the date on which such return was last due, under
> > > applicable law or under any extension, and after two years before the date of
> > > the filing of the petition; or
> >
> > (C)  with respect to which the debtor made a fraudulent return or willfully
> > attempted in any manner to evade or defeat such tax . . . .

11 U.S.C.A. § 523(a) (West 2005).

It should be noted that, in enacting Section 523(a)(1), Congress made certain relevant

changes from the language of old Section 17: (1) in subsections (B)(i) and (ii), the words "the

bankrupt" which appeared in Sections 17a(1)(a), (b) and (c) (or the equivalent phrase, "the debtor")

do not appear; and (2) the term "make" (or "made") a return which appear in Sections 17a(1)(a), (b)

and (c) is deleted and the term "filed" is substituted.  It also should be noted that in subsection (C)

of Section 523(a)(1), Congress retained both Section 17a(1)(d)'s use of the term "the bankrupt" (*i.e.*,

"the debtor") and Section 17a(1)(d)'s use of the term "made."

The last relevant statute is 26 U.S.C. § 6020 which provides as follows:

> **(a) Preparation of return by Secretary.** – If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.
>
> **(b) Execution of return by Secretary.** –
>
> > **(1) Authority of Secretary to execute return.** – If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.
> >
> > **(2) Status of returns.** – Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

26 U.S.C.A. § 6020 (West 2007).

## V.   ANALYSIS

### A.   Dummy Return

_____The IRS asserts that *no* returns were prepared by it with respect to the Relevant Taxes pursuant to IRC § 6020. The IRS further asserts that what was prepared here were Dummy Returns which cannot constitute Section 6020 returns under any definition (because they do not contain tax information and are not signed by either the Debtor, the Secretary or the Secretary's designee). *Cf.* 26 U.S.C. §§ 6020(a) (return is signed by the taxpayer), 6020(b) (return must be "subscribed" by the Secretary (a "Section 6020(b) Return")).

The court agrees with the IRS in concept. A Dummy Return is a document that does not satisfy the requirements for a Section 6020(b) Return. As was explained by Mr. Crowley, a Dummy Return is merely an internal administrative device necessary for the IRS to commence the assessment

process.[14]   Accordingly, a Dummy Return is not a "return" within the purview of Section

523(a)(1)(B).  *Accord Cross v. United States (In re Cross),* No. BK-S-88-1220-LBR, 1991 WL

281710, at *1 (Bankr. D. Nev. June 15, 1991) ("In order for a document compiled by the IRS to

constitute a [Section 6020(b)] 'return' it must be signed by the Secretary."); *Hofmann v. United*

*States (In re Hofmann),* 76 B.R. 853 (Bankr. S.D. Fla. 1987) ("dummy returns" are not returns within

the meaning of Section 523(a)(1)(B)(i)).

However, a review of relevant cases demonstrates that distinguishing a Dummy Return from

a Section 6020(b) Return (or a Section 6020(a) return) is a fact sensitive endeavor.  *See Brooks v.*

*Commissioner of Internal Revenue,* 93 T.C.M. (CCH) 1078 (2007) (reviewing cases).   That is

because, given the particular facts and circumstances of a case, multiple documents taken together

may be deemed to constitute the Section 6020(b) Return (or Section 6020(a) return).  *See Brooks,*

*supra.*  As discussed above, under this particular theory of the case the IRS bears the burden to

demonstrate (if it can) that no "return" of any sort was "filed."  Here, relevant documents have been

destroyed (albeit in ordinary course) and Mr. Crowley has no personal knowledge of what those

---

[14]    The IRS is not required to prepare a Section 6020(b) Return to collect relevant taxes
when the taxpayer has not filed a return.  *See Schiff v. United States,* 919 F.2d 830, 832 (2d Cir.
1990), *cert. denied*, 501 U.S. 1238 (1991); *In re Rosemiller,* 188 B.R. 129, 135 (Bankr. D.N.J. 1995).
*See also Johnston v. Commissioner of Internal Revenue,* 87 T.C.M. (CCH) 1256, 2004 WL 870254,
at *2 (April 23, 2004) (citations omitted):

> Where a taxpayer files no return, the deficiency is determined as if a return had been
> filed on which the taxpayer reported that the amount of tax due was zero; thus the
> deficiency is the amount of tax due . . . .  [T]he petitioners' contention that the
> Commissioner must file a substitute for return under section 6020(b) before
> determining a deficiency is . . . frivolous.

*Id.*

- 11 -

documents actually looked like.[15]  The court declines to find the existence of Dummy Returns (as opposed to Section 6020(b) Returns) on that record.

### B.    Section 6020(b) Return

The Debtor does not argue that he filed returns in respect of the Relevant Taxes either pursuant to IRC § 6020(a) or otherwise.  The IRS not having prevailed on its assertion that *no* Section 6020(b) Return was prepared, the Debtor urges the court to hold that the possible existence of a Section 6020(b) Return in respect of a tax debt renders Section 523(a)(1)(B)(i) inapplicable to that debt.  Because this court is of the opinion that a proper construction of Section 523(a)(1)(B)(i) compels a contrary conclusion, the court declines to so hold, and instead reaches the same result as that reached in the majority of cases considering the issue.  *See, e.g., United States v. Hatton (In re Hatton)*, 220 F.3d 1057 (9th Cir. 2000); *Bergstrom v. United States (In re Bergstrom)*, 949 F.2d 341 (10th Cir. 1991); *Chapin v. United States (In re Chapin)*, 148 B.R. 304 (C.D. Ill. 1992); *Rench v. United States (In re Rench)*, 129 B.R. 649 (Bankr. D. Kan. 1991); *Pruitt v. United States (In re Pruitt)*, 107 B.R. 764 (Bankr. D. Wyo. 1989); *Hofmann*, 76 B.R. 853; *Haywood v. Illinois (In re Haywood)*, 62 B.R. 482 (Bankr. N.D. Ill. 1986).

As noted above, when Congress enacted Section 523(a)(1)(B) it deviated from Section 17a in that Congress made the relevant non-event a failure to "file" a return rather than a failure to "make" a return and also deleted the relevant reference to the "bankrupt" (*i.e.,* the debtor).[16]  Section

---

[15]     The Deficiency Notices take the position that no returns were filed.  (*See* Exhibit C, Income Tax Examination Changes, item. 3; Exhibit D, Income Tax Examination Changes, item 3.)  However that is proof only of the IRS' position at the time.  The IRS does not always prevail on its position.  *See Brooks, supra.*

[16]     In Section 523(a)(1)(C) Congress retained Section 17(a)'s concept of a return "made" by "the bankrupt [*i.e.,* the debtor]."  However, subparagraph (C) refers to taxes and customs duties

- 12 -

6020 speaks in terms of "preparation" of a return, "execution" of a return, "mak[ing]" a return, and "subscrib[ing]" a return. Nowhere does Section 6020 use the word "file" a return or any variant of the term "file."[17]  In short, Section 17a "spoke the language" of Section 6020 and employed the qualifying phrase "by the bankrupt." Section 523(a)(1)(B) does not "speak the language" of Section 6020 and jettisoned the qualifying phrase. If a Section 6020(b) Return is not deemed "filed" by the Secretary within the purview of Section 523(a)(1), then the phrase "by the bankrupt" (*i.e.,* the debtor) would have been deleted by Congress as surplusage since the taxpayer is the only entity who "files" a return.  On the other hand, if either the IRS or the taxpayer can "file" a return within the purview of Section 523(a)(1)(B), then Congress' deletion of the term "by the bankrupt" (*i.e.,* the debtor) would have significance.

Subtitle F of the Internal Revenue Code (which includes Section 6020) itself is ambiguous as to whether a Section 6020(b) Return is deemed "filed" by the Secretary.  For example, Section 6229 ("Period of limitations for making assessments") captions subsection (c)(4) thereof as "Return *filed* by Secretary" (emphasis added) but provides that a Section 6020(b) Return "shall not be treated as a return of the [taxpayer]."  26 U.S.C. § 6229(c)(4).  Section 6248 ("Period of limitations for making adjustments") captions subsection(c)(4) thereof as "Return *filed* by secretary" (emphasis added) but also directs that a Section 6020(b) Return "shall not be treated as a return of the

---

generally and does not relate to taxes and customs duties as to which returns are "required." Accordingly, the language used by Congress in subparagraph (C) is not relevant to construction of subparagraph (B).

[17]     Section 6020(a)'s reference to "receiv[ing]" a return signed by the taxpayer has been recognized as the equivalent of filing for Section 523(a)(1)(B)(i) purposes. *See Bergstrom,* 949 F.2d at 343 ("We hold that substitute returns do not constitute filed returns in the absence of the signature of the taxpayer, as required by 26 U.S.C. § 6020(a).").

[taxpayer]." 26 U.S.C. § 6248. Section 6501 ("Limitations on assessment and collection") captions subsection (b)(3) thereof as "Return *executed* by Secretary" (emphasis added) and provides that a Section 6020(b) Return "shall not start the running of the period of limitations on assessment and collection." 26 U.S.C. § 6501(b)(3). Section 6651 ("Failure to file tax return or to pay tax") captions subsection (g) thereof as "Treatment of returns *prepared* by Secretary under section 6020(b)" (emphasis added) and provides that a Section 6020(b) Return is considered as "the return filed by the taxpayer" for some purposes but not for others. 26 U.S.C. § 6651(g). Section 6664 ("Definitions and special rules") captions subsection (b) thereof as "Penalties applicable only where return *filed*" (emphasis added) and provides that "[t]he penalties provided in this part shall apply only in cases where a return of tax is *filed* (other than [a Section 6020(b) return] . . . *prepared* by the Secretary . . . )." 26 U.S.C. § 6664(b) (emphasis added).

Because the Internal Revenue Code is ambiguous as to whether a Section 6020(b) Return is deemed "filed" by the Service in the absence of an express statutory direction that such return either is or is not deemed "filed," Section 523(a)(1)(B) likewise is ambiguous. When the language of a statute is ambiguous, the next preferred aid to construction is applicable legislative history. *See AD Global Fund, LLC v. U.S.,* 67 Fed. Cl. 657, 672 (2005), *aff'd,* 481 F.3d 1351 (Fed. Cir. 2007). Here, applicable legislative history supports the IRS' position that, under Section 523(a)(1)(B), the "required . . . return" must have been "filed" by the debtor for the relevant tax debt to be dischargeable.[18] *See* S. Rep. No. 95-989, at 78 (1978), *reprinted in* 1978 U.S.C.C.A.N. (92 Stat.

---

[18]     The court acknowledges the well-recognized rule that exceptions to discharge should be narrowly construed in the debtor's favor. *See, e.g., Rosenblit v. Kron (In re Kron),* 240 B.R. 164, 165 (Bankr. D. Conn. 1999) (Krechevsky, J.). However, rules of construction are to be used only if the statute itself and the legislative history are both unhelpful. *AD Global Fund,* 67 Fed. Cl. at 672. That is because "[i]n a hypothetical case in which a . . . statute . . . was ambiguous, but the

- 14 -

2549) 5787, 5864 ("Also included in the nondischargeable debts are taxes for which *the debtor had not filed a required return . . . .*") (emphasis added).[19]

Accordingly, for the reasons set forth above, the court concludes that, even if the IRS had "made" Section 6020(b) Returns with respect to the Relevant Taxes, those debts still were not discharged in the 2004 Case pursuant to Section 523(a)(1)(B)(i) because the Debtor did not file returns with respect to such taxes.

## VI.    CONCLUSION

For the reasons discussed above, the court concludes that the Relevant Taxes were not discharged in the 2004 Case.  A separate order will issue scheduling a status conference to discuss "next steps" with respect to all other outstanding matters raised in the Objection and the Response.

Dated: January 3, 2008                                                   BY THE COURT

                                                          *Lorraine Murphy Weil*
                                                          **Lorraine Murphy Weil**
                                                          **United States Bankruptcy Judge**

---

legislative history was crystal clear . . . , the will of Congress would be thwarted by reference to a presumption that foreclosed consulting the legislative history."). *Id.*  Here, the court considers the referenced legislative history to be "crystal clear."

[19]    In *Ridgway v. United States (In re Ridgway),* 322 B.R. 19 (Bankr. D. Conn. 2005) (Dabrowski, C.J.), the court did not reach the issue of the significance of the term "filed" return because the IRS had conceded in its supporting memorandum that a Section 6020(b) Return had been "filed."  *See Ridgway,* 322 B.R. at 25 n.6.  Since the IRS argues in this case that *no* Section 6020(b) Return was prepared, it is apparent that the IRS has not made the concession in this case that it made in *Ridgway* and the court will not bind the IRS in this case to its *Ridgway* concession.  *Cf American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.,* 351 F. Supp. 2d 79, 96 (S.D.N.Y. 2004) ("[J]udicial admission only binds the party that makes it in the action in which it is made, not in separate and subsequent cases."  (citation and internal quotation marks omitted)).  Thus, *Ridgway* is distinguishable from this case.